# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

CARL DEWAYNE WATTS, #18202                                          PETITIONER

VS.                                              CIVIL ACTION NO. 2:09cv122-KS-MTP

DWAINE BREWER, Warden, et al.                                   RESPONDENTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on a Motion [8] to Dismiss Pursuant to § 2244(d) filed by Respondents. Having considered the submissions of the parties, all documents made a part of the record of this case and applicable law, the undersigned recommends that Respondents' Motion to Dismiss [8] be denied.

## FACTS AND PROCEDURAL HISTORY

On November 29, 2005, *pro se* Petitioner Carl Watts pled guilty to Transfer of a Controlled Substance (Cocaine) in the Circuit Court of Forrest County, Mississippi and was sentenced to serve thirty years in the custody of the Mississippi Department of Corrections, with all thirty years suspended. *See* Exh. A to Motion to Dismiss. One of the conditions of Petitioner's suspended sentence was that he "depart from Hattiesburg, Mississippi within forty-eight (48) hours and remain outside a distance of 100 miles from the Forrest County Courthouse in Hattiesburg, Mississippi, for the entire period of his suspended sentence." *See id.* Petitioner did not file a direct appeal.[1]

On January 3, 2006, the state petitioned the Circuit Court of Forrest County to revoke

---

[1] As a general matter, direct appeals are statutorily prohibited when a defendant enters a guilty plea. *See* Miss. Code Ann. § 99-35-101. However, the Mississippi Supreme Court has carved out an exception, allowing a defendant to appeal an illegal sentence, as opposed to a guilty plea. *See Trotter v. State*, 554 So. 2d 313, 315 (Miss. 1989); *Burns v. State*, 344 So. 2d 1189, 1190 (Miss. 1977).

Petitioner's suspended sentence, as Petitioner apparently had been found in Hattiesburg on December 30, 2005.  *See* Exh. B to Motion to Dismiss.  On January 6, 2006, the court found that Petitioner had violated the terms of his suspended sentence[2] and entered an order revoking Petitioner's suspending sentence and ordering him to serve the entire thirty year sentence.  *See* Exh. C to Motion to Dismiss.

Petitioner filed the instant Petition on June 25, 2009.[3]  In the Petition, Petitioner challenges his guilty plea and sentence on the underlying criminal conviction.  *See* Petition [1].  Respondents contend that the Petition was not timely filed and, therefore, it should be dismissed.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject, specifies that a petitioner seeking federal habeas relief must file his petition within one year from "the date on which the judgment became final by the conclusion of direct review or the

---

[2] Petitioner admitted that he had been in Hattiesburg, as alleged in the revocation petition. *See* Exh. C to Motion to Dismiss.

[3] Under the "mailbox rule," Watts' *pro se* federal habeas petition is deemed filed on the date that he delivered the petition to prison officials for mailing to this court.  *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).  The Petition is signed and dated June 25, 2009 (although it was not stamped received by the clerk of the court until July 1, 2009).  Thus, "in the absence of evidence to the contrary," the court assumes that the date Petitioner signed his pleading - June 25, 2009 - was the date he submitted it to prison authorities for filing.  *Rebardi v. Cain*, 2009 WL 1787702, at * 5 n. 6 (W.D. La. June 18, 2009); *see also Lewis v. Cain*, 2009 WL 2407951, at * 3 n.12 (E.D. La. Aug. 4, 2009) ("For purposes of applying the mailbox rule in this case, Lewis's signature date is presumed to be the earliest date on which he could have presented the pleading to prison officials for mailing...."); *U.S. v. Bryant*, 2009 WL 1913259, at * 1 n.3 (S.D. Tex. July 1, 2009) (construing section 2255 petition as filed on date petitioner claimed to have signed it, rather than later postmark date); *Morris v. Banks*, 2007 WL 4375218, at * 3 (N.D. Miss. Dec. 13, 2007) ("[g]iving the petitioner the benefit of the doubt by using the earlier date [of signature]", rather than date filed in court, in determining timeliness of habeas petition); *Brown v. Quarterman*, 2007 WL 3145065, at * 3 n.4 (N.D. Tex. Oct. 26, 2007) ("the Court assumes the petition was placed in the prison mail system on...the date on which Petitioner signed the same.").

expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435, 436 (5th Cir. 2003).

As noted *supra*, while there is a statutory prohibition to direct appeals from guilty pleas under state law, Petitioner could have appealed an alleged illegal sentence within thirty days of his order of conviction. *See Trotter v. State*, 554 So. 2d 313, 315 (Miss. 1989); *Burns v. State*, 344 So. 2d 1189, 1190 (Miss. 1977); *see also Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003); *Rampage v. Thorton*, 2007 WL 1087485, at * 2 (S.D. Miss. Mar. 15, 2007). Petitioner was sentenced on November 29, 2005. Accordingly, Petitioner's conviction became final, and the statute of limitations for federal habeas purposes began to run, thirty (30) days later - on December 29, 2005. Thus, pursuant to 28 U.S.C. § 2244(d)(1)(A), Petitioner had until December 29, 2006 to file his federal habeas petition. Watts filed his petition, at the earliest, on June 25, 2009, approximately two and a half years after the federal statute of limitations expired. Thus, the petition is barred by the statute of limitations unless Petitioner is entitled to either statutory or equitable tolling.

Whether statutory tolling occurred during the period between Watts' judgment becoming final on December 29, 2005 and the filing of his federal habeas petition on June 25, 2009 is first determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction" remains pending. Petitioner filed a Motion for Post-Conviction Collateral Relief in the Circuit Court of Forrest County on August 31, 2006.[4] *See* Exh. D to Motion to Dismiss. That motion

---

[4] Mississippi follows the "mailbox rule" with respect to motions for post-conviction relief filed by *pro se* prisoners. *See Sykes v. State*, 757 So. 2d 997, 1000-01 (Miss. 2000). The Fifth Circuit has held that application of the "mailbox rule" to state court filings is a matter of state law which the federal courts will respect. *Causey v. Cain*, 450 F.3d 601, 606-07 (5th Cir. 2006). Petitioner's motion for post-conviction relief was signed on August 31, 2006 (although not

3

was denied on April 12, 2007. *See* Exh. E to Motion to Dismiss. Petitioner appealed the denial to the Mississippi Supreme Court, and on July 1, 2008, the Mississippi Court of Appeals[5] affirmed the lower court's decision. *Watts v. State*, 1 So. 3d 886 (Miss. Ct. App. 2008), *reh'g denied*, Oct. 28, 2008. *See* Exh. F to Motion to Dismiss. The Mississippi Supreme Court denied certiorari on February 5, 2009. *See id.* The mandate was issued on February 26, 2009.[6] *See* Petitioner's "Objection to Motion to Dismiss" [9] & accompanying exhibits.

Respondents argue that AEDPA's statute of limitations was tolled for 889 days (August 31, 2006 - February 5, 2009), the time period that Petitioner's state motion for post-conviction relief was pending, making Petitioner's habeas petition due by June 6, 2009 (December 29, 2006 + 889 days). Accordingly, Respondents contend that the petition is time-barred because it was not filed until June 25, 2009. In response, Petitioner argues that AEDPA's statute of limitations was tolled until the Mississippi Supreme Court issued its mandate on February 26, 2009 and, therefore, his petition was timely filed. *See* Petitioner's "Objection to Motion to Dismiss" [9] & accompanying exhibits. Essentially, Petitioner argues that his motion for post-conviction relief remained "pending" within the meaning of 2244(d) until the mandate was issued.[7]

A state post-conviction action "remains pending" for tolling purposes "until the

---

stamped "filed" until September 13, 2006). *See* Exh. D to Motion to Dismiss. The court will again give Petitioner the benefit of the doubt and assume that his motion for post-conviction relief was delivered to prison officials on the same day it was signed.

[5] Under Mississippi statute, the Supreme Court may assign any appeal to the Court of Appeals, except with certain exceptions not applicable here. *See* Miss. Code Ann. § 9-4-3. Decisions of the Court of Appeals are final and not reviewable by the Supreme Court except on a writ of certiorari, the granting of which is discretionary. *Id.*

[6] Rule 41(a) of the Mississippi Rules of Appellate Procedure provides that "[t]he mandate of the Supreme Court shall issue 21 days after the entry of judgment unless the time is shortened or enlarged by order."

[7] Respondents did not file a reply brief to address this argument.

application has achieved final resolution through the State's postconviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002); *see also Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("State review ends when the state courts have finally resolved an application for state postconviction relief.").[8] It does not appear that the Fifth Circuit has ruled on the issue of whether a state motion for post-conviction relief remains pending until a mandate is issued. *See Talbert v. Cockrell*, 71 Fed. Appx. 441 (5th Cir. June 5, 2003) (*per curiam*) (declining to address "whether a state [Texas] habeas application is 'pending" until either a mandate issues or 25 days from the state court judgment"; petition was untimely filed regardless). Thus, this court must look to Mississippi state court procedures in order to determine whether Petitioner's state motion for post-conviction relief remained pending until the Mississippi Supreme Court issued its mandate. *See Day v. McDonough*, 547 U.S. 198, 203 (2006) (incorporating state law rule under which appellate decision remained "pending" until mandate was issued for purposes of tolling analysis under 28 U.S.C. § 2244(d)(2); *see also Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (examining state law to determine whether motion for post-conviction relief was "pending"); *Nyland v.* Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (applying Florida law and determining that motion for post-conviction relief is pending until mandate issues); *Smith v. Carroll*, 2006 WL 2085423, at * 6 n.7 (D.Del. July 25, 2006) ("There is authority to the effect that a state post-conviction proceeding is pending for the purposes of § 2244(d)(2) until the date on which the court of appeals issues a mandate, provided that the state courts view the issuance

---

[8] In *Lawrence*, the parties agreed that AEDPA's limitations period was tolled from the filing of petitioner's state post-conviction motion until the Florida Supreme Court issued its mandate. *Lawrence*, 549 U.S. at 331. Thus, the court did not squarely decide this issue. Elsewhere, the court stated: "After the State's highest court has issued its mandate *or* denied review, no other state avenues for relief remain open and therefore the application for post-conviction review is no longer 'pending.'" *See id.* at 332 (emphasis added).

5

of an appellate mandate as determining the date of finality, as opposed to the issuance of an appellate decision.").

Based on its review of Mississippi law, this court concludes that Mississippi courts view the issuance of an appellate mandate as determining the date of the decision's finality, rather than the date the decision was issued. *See*, *e.g.*, *In re Shah*, 5 So.3d 352 (Miss. 2008) (stating, in review of attorney disciplinary proceeding, "[t]he opinion suspending Shah was issued on January 4, 2007, and rehearing was denied on April 19, 2007, effectively suspending Shah on April 26, 2007 [9]); *Bell v. State*, 879 So. 2d 423, 430 (Miss. 2004), *reh'g denied*, Aug. 19, 2004, cert. denied, 543 U.S. 1155 (2005) ("Generally, the three-year deadline [for filing state motion for post-conviction relief] is measured from the date the mandate was issued.") (citing *Puckett v. State*, 834 So.2d 676, 677 (Miss. 2002)); *Mississippi Bar v. Strauss*, 601 So. 2d 840, 845 (Miss. 1992) ("Therefore, this Court imposes three months suspension from practice in this state as an appropriate sanction...to become effective on the date the mandate of this Court issues."); *Gardner v. State*, 547 So. 2d 806, 807 (Miss. 1989) (stating that "until the mandate is issued by the clerk of the court, no jurisdiction is invested in the lower court, and no proceedings may be had in the lower court until it receives and files the mandate."). Indeed, in a recent decision by this court, it was noted that "[t]he Mississippi Supreme Court does not consider a conviction 'final' until it issues its mandate." *Walker v. Epps*, 2007 WL 1452532, at * 1 N.3 (S.D. Miss. May 15, 2007) (citing *Puckett*, 834 So. 2d at 677).

Based on the foregoing, the court agrees with Petitioner that his state motion for post-conviction relief was "pending", within the meaning of § 2244(d)(1)(A), until the Mississippi

---

[9] *See* MRAP 41(a) (providing that the mandate shall issue seven days after entry of the order denying the motion for rehearing).

6

Supreme Court issued its mandate on February 26, 2009. Adding these extra 21 days (February 5, 2009 - February 26, 2009) to the tolling period means that Petitioner's federal habeas petition was due by June 26, 2009. Accordingly, as the petition was filed on June 25, 2009, it was timely filed and Respondents' motion to dismiss should be denied.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Respondents' Motion to Dismiss [8] should be denied.[10]

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules, any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 10th day of September, 2009.

s/ Michael T. Parker
United States Magistrate Judge

---

[10] Should the District Judge adopt this Report and Recommendation, the court shall thereafter set a deadline for Respondents to file their answer to the petition.