IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**CARL DEWAYNE WATTS, #18202**

**VS.**                                              **CIVIL ACTION NO. 2:09cv122-KS-MTP**

**DWAINE BREWER, Warden, et al**

### ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING RESPONDENTS' MOTION TO DISMISS [8]

This cause is before the Court on Motion [8] to Dismiss Pursuant to § 2244(d) filed by Respondents Dwaine Brewer, Warden, et al, the Report and Recommendation of Magistrate Judge Michael T. Parker [11] and the Objection by Respondents to the Report and Recommendations of the Magistrate Judge [14] and Reply thereto by Petitioner Carl Dewayne Watts [15], and the Court after considering all of the above, as well as the applicable case law, finds that the Report and Recommendation should be adopted and the Motion to Dismiss **denied** for the following reasons.

### 1. FACTS AND PROCEDURAL HISTORY

On November 29, 2005, *pro se* Petitioner Carl Watts pled guilty to Transfer of a Controlled Substance (Cocaine) in the Circuit Court of Forrest County, Mississippi and was sentenced to serve thirty years in the custody of the Mississippi Department of Corrections, with all thirty years suspended. *See* Exh. A to Motion to Dismiss. One of the conditions of Petitioner's suspended sentence was that he "depart from Hattiesburg, Mississippi within forty-eight (48) hours and remain outside a distance of 100 miles from the Forrest County Courthouse in Hattiesburg, Mississippi, for the entire period of his suspended sentence." *See id.* Petitioner

did not file a direct appeal.[1]

On January 3, 2006, the state petitioned the Circuit Court of Forrest County to revoke Petitioner's suspended sentence, as Petitioner apparently had been found in Hattiesburg on December 30, 2005. *See* Exh. B to Motion to Dismiss. On January 6, 2006, the court found that Petitioner had violated the terms of his suspended sentence[2] and entered an order revoking Petitioner's suspending sentence and ordering him to serve the entire thirty year sentence. *See* Exh. C to Motion to Dismiss.

Petitioner filed the instant Petition on June 25, 2009.[3] In the Petition, Petitioner challenges his guilty plea and sentence on the underlying criminal conviction. *See* Petition [1].

---

[1] As a general matter, direct appeals are statutorily prohibited when a defendant enters a guilty plea. *See* Miss. Code Ann. § 99-35-101. However, the Mississippi Supreme Court has carved out an exception, allowing a defendant to appeal an illegal sentence, as opposed to a guilty plea. *See Trotter v. State*, 554 So. 2d 313, 315 (Miss. 1989); *Burns v. State*, 344 So. 2d 1189, 1190 (Miss. 1977).

[2] Petitioner admitted that he had been in Hattiesburg, as alleged in the revocation petition. *See* Exh. C to Motion to Dismiss.

[3] Under the "mailbox rule," Watts' *pro se* federal habeas petition is deemed filed on the date that he delivered the petition to prison officials for mailing to this court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). The Petition is signed and dated June 25, 2009 (although it was not stamped received by the clerk of the court until July 1, 2009). Thus, "in the absence of evidence to the contrary," the court assumes that the date Petitioner signed his pleading - June 25, 2009 - was the date he submitted it to prison authorities for filing. *Rebardi v. Cain*, 2009 WL 1787702, at * 5 n. 6 (W.D. La. June 18, 2009); *see also Lewis v. Cain*, 2009 WL 2407951, at * 3 n.12 (E.D. La. Aug. 4, 2009) ("For purposes of applying the mailbox rule in this case, Lewis's signature date is presumed to be the earliest date on which he could have presented the pleading to prison officials for mailing...."); *U.S. v. Bryant*, 2009 WL 1913259, at * 1 n.3 (S.D. Tex. July 1, 2009) (construing section 2255 petition as filed on date petitioner claimed to have signed it, rather than later postmark date); *Morris v. Banks*, 2007 WL 4375218, at * 3 (N.D. Miss. Dec. 13, 2007) ("[g]iving the petitioner the benefit of the doubt by using the earlier date [of signature]", rather than date filed in court, in determining timeliness of habeas petition); *Brown v. Quarterman*, 2007 WL 3145065, at * 3 n.4 (N.D. Tex. Oct. 26, 2007) ("the Court assumes the petition was placed in the prison mail system on...the date on which Petitioner signed the same.").

Respondents contend that the Petition was not timely filed and, therefore, it should be dismissed.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject, specifies that a petitioner seeking federal *habeas* relief must file a petition within one (1) year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(b)(1)(A); *Egerton v. Cockrell*, 334 F 3d 433, 435, 436 (5th Cir. 2003). In this case both sides agreed on the issue. The Report and Recommendation of Magistrate Judge Parker went into significant detail as to specific counting of days that had run prior to the Petitioner filing his *habeas* petition herein. The Respondents do not dispute the actual counting of days by the Magistrate Judge and,

therefore, it is accepted. In AEDPA the statute of limitations is tolled in the period in which a properly filed application for state post conviction relief remains pending. In this case, Petitioner filed his motion for post conviction collateral relief in the Circuit Court of Forrest County on August 31, 2006. The motion was denied. Petitioner appealed the denial to the Mississippi Supreme Court on July 1, 2008, and the Supreme Court assigned the case to the Mississippi Court of Appeals affirmed the lower court's decision *Watts v. State*, 1 So. 3d 886, (Miss. Ct. App. 2008). The Supreme Court denied *certiorari* on February 5, 2009. The mandate was issued on February 26, 2009. Both sides seem to agree that the tolling of 889 days occurred. However, Watts contends that he is entitled to twenty-one extra days from the time the Supreme Court denied *cert* until the mandate was issued. If the Movants' position is correct, then the statute of limitations expired by twenty to twenty-six days.

The issue for this Court to decide is when is the Petitioner's post conviction petition finally decided and no longer pending - is it the day the Supreme Court denies *cert,* or is it the day the Supreme Court issues its mandate.

**When is the Post Conviction Relief Petition No Longer Pending?**

Until the application has achieved final resolution through the state's post conviction procedure, it is still pending. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

Judge Parker's Report and Recommendation finds that it is still pending until the mandate is issued. The Movant argues the opposite and that it is no longer pending on the day that the final order of the Supreme Court is issued. There is no clear precedent in answering this question. This Court has reviewed the law and finds that Mississippi precedent states that the case is pending and not "final" until the mandate is issued. *See Puckett v. State*, 834 So. 2d 676,

4

677 (Miss. 2002). Also, *see Walker v. Epps*, 2007 W.L. 1452532. *See also, Mississippi Bar v. Strauss*, 601 So. 2d 840, 845 (Miss. 1992) ("therefore, this court imposes three months suspension from practice in this state as an appropriate sanction... to become effective on the <u>date the mandate of this court issues</u>").

The Movants suggest that when the Supreme Court denied the Petition for *Writ of Certiorari* that that was the date that the petition was no longer pending. This Court has considered both sides of this argument and finds that since there is limited Mississippi precedent, and what precedent there is states that the case is still pending until a mandate is issued, that the Petitioner should be given the benefit in the question of the law in Mississippi, and that the tolling period should end at the time the mandate is issued. Therefore, the Motion to Dismiss is not well-taken and should be **overruled**.

IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Respondents' objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Respondents' Motion to Dismiss is **overruled**.

SO ORDERED this, the <u>10th</u> day of<u> February, 2010.</u>

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE